**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00260-CR**
_____

**GARY ELLIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CR13,893 (Counts I and II)**
_____

**MEMORANDUM OPINION**

In trial court cause number CR13,893, a grand jury indicted appellant Gary Ellis for sexual assault of a child in Count I and for indecency with a child by sexual contact in Count II. *See* Tex. Penal Code Ann. §§ 22.011(a)(2), 22.11(d). A jury found Ellis guilty of sexual assault of a child as charged in Count I and indecency with a child by sexual contact as charged in Count II. In Counts I and II, the jury

assessed Ellis's punishment as a habitual offender at life in prison with a $10,000 fine. The trial court ordered the sentences to run consecutively.

On appeal, Ellis's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 14, 2025, we granted an extension of time for Ellis to file a pro se brief, and Ellis filed a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted). We do not need to address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Ellis's pro se brief, and we have found no reversible

error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 826-27. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

That said, there is a clerical error in the trial court's judgment that needs to be reformed. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). The judgment reflects that Ellis's sentences shall run concurrently, but the record reflects that when the trial court orally pronounced Ellis's sentences, the trial court ordered that the sentences shall run consecutively. *See Bigley*, 865 S.W.2d at 27. We modify the trial court's judgment to show that Ellis's sentences shall run consecutively. We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

JAY WRIGHT
Justice

Submitted on August 5, 2025
Opinion Delivered August 20, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Ellis may challenge our decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.1.

3